UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Michael S. Goldberg, LLC and, | ) | Chapter 7 |
| Michael S. Goldberg, | ) | |
| | ) | |
|     Debtors. | ) | Case Nos.  09-23370 (ASD) |
| | ) |                09-23371 (ASD) |
| James Berman, Chapter 7 Trustee | ) | |
| For The Estates Of | ) | |
| Michael S. Goldberg, LLC and | ) | |
| Michael S. Goldberg, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 3:14-mc-00084-AWT |
| | ) | |
|     v. | ) | |
| | ) | |
| Sally A. LaBonte, Trustee of the | ) | |
| Scott A. LaBonte Dynasty trust, *et al.* | ) | |
| | ) | |
|     Defendants. | ) | September 8, 2014 |
| | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO WITHDRAW REFERENCE**

**Argument**

**I. The Plaintiff's Claims In The 2010 Adversary Proceeding Are Hotly Disputed**

In his brief dated August 25, 2014 (ECF #7), the Plaintiff sets out his version of the events that are the subject of the 2010 Adversary Proceeding, pending in the bankruptcy court. Suffice it to say that the Plaintiff's allegations are hotly disputed. In

brief outline, Scott A. LaBonte never invested money in the Goldberg Ponzi scheme, and never received a payment from Michael Goldberg or Michael S. Goldberg, LLC. Rather, Mr. LaBonte loaned money to Edward Malley, and received a promissory note from Mr. Malley. Mr. Malley's attorneys, Kablik & Leary, P.C., repaid Mr. Malley's loans from their clients' fund account. In addition, Mr. Malley purchased from Mr. LaBonte interests in various limited liability companies and partnerships, and Mr. Malley's attorneys paid Mr. LaBonte for those interests from the Kablik & Leary, P.C. clients' fund account. All payments to Mr. LaBonte from the Kablik & Leary, P.C. clients' fund account were made with the funds of their client, Mr. Malley. Mr. LaBonte did not invest in the Goldberg Ponzi scheme.

## II. The Claims and Parties In The Present Case Are Separate and Distinct From the Claims and Parties In the 2010 Adversary Proceeding

The Plaintiff argues that the bankruptcy court is already familiar with the background facts of the present case by virtue of the bankruptcy court's involvement in the 2010 Adversary Proceeding. The allegations and the parties in the two cases are separate and distinct, and the transactions that are the subject of the 2010 Adversary Proceeding have almost no bearing on the present case.

In the 2010 Adversary Proceeding, the Plaintiff claims that Mr. LaBonte received avoidable transfers (fraudulent and preferential transfers) from the debtors, Michael S.

Goldberg, LLC and Michael S. Goldberg **(collectively, the "Debtors")**. In the present case, the Plaintiff claims that Mr. LaBonte fraudulently transferred assets to the Scott A. LaBonte Dynasty Trust **(the "Dynasty Trust")**, and that the Dynasty Trust fraudulently transferred its assets to the remaining defendants. In addition, in the present case the Plaintiff claims that the Dynasty Trust is Mr. LaBonte's alter ego. The facts and circumstances of the transactions between Mr. LaBonte and Mr. Malley have nothing to do with the facts and circumstances of Mr. LaBonte's dealings with the Dynasty Trust. Similarly, they have nothing to do with the Dynasty Trust's disbursements. The facts and circumstances in the 2010 Adversary Proceeding are unrelated in time to, and do not involve common transactions or documents with, the transactions alleged in the present case. In fact, the 2010 Adversary Proceeding concerns payments made by Mr. Malley's attorneys to Mr. LaBonte, while the present case concerns payments allegedly later made by Mr. LaBonte to the Dynasty Trust, and allegedly later made by the Dynasty Trust to the various other defendants in this case.

      Most importantly, except for Mr. LaBonte and RCZS, LLC, the Defendants in the present case are not parties to the 2010 Adversary Proceeding.

### III. The Court Should Exercise Its Discretion to Withdraw the Reference

      The Defendants have moved for permissive withdrawal of the reference. The

Plaintiff admits in his brief that the bankruptcy court cannot enter a judgment in this case. Plaintiff's Brief at 8. That is the most important factor in the modified *Orion* test, as it goes to efficiency and judicial economy. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993); *Dynegy Danskammer, L.L.C. v. Peabody Coaltrade Int'l Ltd.,* 905 F.Supp.2d 526, 529-30 (S.D.N.Y. 2012). The Defendants have satisfied all of the modified *Orion* factors. The Court should use its discretion, prevent needlessly duplicative proceedings, and withdraw the reference of this case. *Dynegy Danskammer, L.L.C. v. Peabody Coaltrade Int'l Ltd.,* 905 F.Supp.2d 526 (S.D.N.Y. 2012).

    Among other benefits, withdrawing the reference greatly simplifies post-trial proceedings, as any appeal from the district court will go directly to the court of appeals. If the reference is not withdrawn, then the parties are permitted to seek *de novo* review post-trial before the district court, including a new trial, as to proposed findings of fact and conclusions of law to which the parties timely object. 28 US.C. § 157(c)(1); Fed. R. Bankr. P. 9033(d). If the reference is withdrawn, then the parties will be saved the delay and legal fees of an intermediate stage of review.

    The Plaintiff argues, "Thus, considering the Bankruptcy Court's knowledge and experience in the litigation of the underlying claim and the Debtors' bankruptcy case, and the parties involved, … the Bankruptcy Court is in the best position to oversee the instant adversary proceeding through trial and the submission of proposed findings of

fact and conclusions of law." Plaintiff's Brief at 14.  The bankruptcy judge below has publicly announced his impending retirement effective in January 2015. If the reference is not withdrawn, then some of the pretrial proceedings, not to mention the trial and issuance of a report and recommendation, are likely to be overseen by a different judge. If the Court does not withdraw the reference, then we have the prospect of one bankruptcy judge starting the present case, another bankruptcy judge taking the case over mid-stream, and then writing proposed findings of fact and conclusions of law for the district court to review *de novo*, including the prospect of another trial before the district court on disputed findings of fact.

Due to these unique circumstances, it is difficult to imagine an adversary proceeding that cries out any louder than this one for withdrawal of the reference. Withdrawal of the reference will provide for a streamlined and efficient process that is less costly and less expensive for all parties than will leaving this case for any purpose in the bankruptcy court.

**Conclusion**

For all of the foregoing reasons, and for the reasons set forth in their opening brief, the Defendants respectfully urge the Court to grant their Motion to Withdraw the Reference, and to provide them with such other and further relief to which they may entitled at law or equity.

Dated at West Hartford, Connecticut, this 8th day of September, 2014.

        SALLY A. LABONTE, TRUSTEE OF THE SCOTT A. LABONTE DYNASTY TRUST; ROLAND G. LABONTE, TRUSTEE OF THE SCOTT A. LABONTE DYNASTY TRUST; SALLY A. LABONTE; DEVCON ENTERPRISES, INC.; MARKETPLACE PORT ST. LUCIE, LP; RCZS LLC; CAKEMAKER LLC; SCOTT A. LABONTE; SCOTT A. LABONTE, TRUSTEE OF THE SCOTT A. LABONTE REVOCABLE TRUST; AND SALLY A. LABONTE

By: /s/ David M. S. Shaiken
David M. S. Shaiken, Esq.
Shipman, Shaiken & Schwefel, LLC
Their Attorneys
433 South Main Street, Suite 319
West Hartford, CT 06110
(860) 606-1703
Fax: (866) 431-3248
E-mail: david@shipmanlawct.com
Fed. Bar No. ct02297

**Certification of Service**

This is to certify that a copy of the foregoing Reply Brief In Support of Defendants' Motion To Withdraw Reference will be served via operation of the Court's electronic case filing system upon all appearing parties.

/s/ David M. S. Shaiken
David M. S. Shaiken