UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------ x
In re:                         :  Chapter 7
                               :
MICHAEL S. GOLDBERG, LLC, and  :  Case Nos. 09-23370(ASD)
MICHAEL S. GOLDBERG,           :            09-23371(ASD)
                               :
       Debtors.                :
------------------------------ x
JAMES BERMAN, CHAPTER 7 TRUSTEE:  Case No. 3:14-mc-00084 (AWT)
FOR THE ESTATES OF MICHAEL S.  :
GOLDBERG, LLC and MICHAEL S.   :
GOLDBERG,                      :
                               :
                               :
       Plaintiff,              :
                               :
v.                             :
                               :
SALLY A. LABONTE, TRUSTEE OF THE:
SCOTT A. LABONTE DYNASTY TRUST,:
et al.                         :
                               :
       Defendants.             :
------------------------------ x
```

**<u>ORDER RE DEFENDANTS' MOTION TO WITHDRAW REFERENCE</u>**

For the reasons set forth below, Defendants' Motion to Withdraw Reference (Doc. No. 1) is hereby DENIED, without prejudice.

The defendants have moved for permissive withdrawal of the reference of the above-captioned adversary proceeding pursuant to 28 U.S.C. § 157(d).  In <u>Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC</u>, 486 B.R. 579 (S.D.N.Y. 2013), the court noted that "following the Supreme Court's decision in <u>Stern v. Marshall</u>, --- U.S. ----,

-1-

131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), the majority of courts in this Circuit have determined that the primary Orion factor — whether or not a proceeding is core or non-core — has been supplanted by a determination 'of whether the bankruptcy court may finally determine a proceeding or whether the bankruptcy court's proposals must be reviewed de novo by a district court is governed by Article III.' Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd., ---F.Supp.2d ----, ----, 2012 WL 5464619, at *3 (S.D.N.Y.2012)." Id. at 582. The court then articulated the legal standard with respect to permissive withdrawal as follows:

> In exercising its broad discretion to withdraw the bankruptcy reference, the Court should consider the following factors: (1) whether the bankruptcy court has constitutional authority to enter a final decision; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process and (7) the presence of a jury demand.

Id.

Here, it is undisputed that the Bankruptcy Court does not have constitutional authority to enter a final decision; thus the Bankruptcy Court's proposed findings of fact and conclusions of law would have to be reviewed de novo by the district court. With respect to the remaining Orion factors relevant here, the court concludes that permitting the Bankruptcy Court to continue

to hear the adversary proceeding until it becomes trial ready furthers the interests of judicial efficiency, uniformity in bankruptcy administration and expeditious adjudication of the instant adversary proceeding.

    The defendants are correct that in the present case the Goldberg Trustee claims that LaBonte fraudulently transferred assets to the Scott A. LaBonte Dynasty Trust (the "Dynasty Trust"), and the Dynasty Trust fraudulently transferred assets to the remaining defendants, and in addition that the Dynasty Trust is LaBonte's alter ego, while in the 2010 Adversary Proceeding, the Dynasty Trust claims that LaBonte received avoidable transfers from the debtors, Michael S. Goldberg, LLC and Michael S. Goldberg. However, the court agrees with the Goldberg Trustee that that does not mean the two matters are unrelated. Rather, as explained by the Goldberg Trustee, there is a significant overlap in the matters, including the fact that the Bankruptcy Court heard and will decide the underlying claim, the existence of which is an essential element of the fraudulent transfer causes of action alleged in instant adversarial proceeding; that the Bankruptcy Court has significant experience with LaBonte concerning the very transfers to the Dynasty Trust alleged in the instant adversary proceeding; that discovery, disputes and orders in the 2010 Adversary Proceeding are related to many of the documents material to facts now in dispute in the

instant adversary proceeding; and that the Goldberg Trustee's spoliation accusation against LaBonte is currently before the Bankruptcy Court.

It does appear at this time though that, in the event of a trial, particularly with respect to Count Four, which arises under a Connecticut common law theory of alter ego liability, it would be more efficient for the district court to conduct the trial, as opposed to review de novo proposed findings of fact and conclusions of law.  Thus the court finds appropriate here the approach taken in a number of other cases in this district, namely denying the motion to withdraw the reference without prejudice to the motion being renewed when the case becomes trial ready.  See Desormes v. Charlotte School of Law, LLC, No. 3:10-mc-184(SRU), 2011 U.S. Dist. LEXIS 1135519, at *10-11 (D. Conn. Oct. 3, 2011); Napolitano v. Hourigan (In re R.J. Patton Co., Inc.), No. 3:06-mc-183(PCD), 2006 U.S. Dist. LEXIS 87521, at *4-5 (D. Conn. Nov. 6, 2006) ("there is nothing preventing the Defendant from moving to withdraw the reference at such time as this case becomes trial-ready") (collecting cases).

It is so ordered.

Dated this 18th day of February 2015, at Hartford, Connecticut.

/s/
                   Alvin W. Thompson
              United States District Judge